# Order

**Michigan Supreme Court**
**Lansing, Michigan**

March 8, 2006

129467 & (141)

DANIEL ADAIR, et al,
          Plaintiffs-Appellants,

v

STATE OF MICHIGAN, DEPARTMENT
OF EDUCATION, DEPARTMENT OF
MANAGEMENT AND BUDGET, and
TREASURER OF THE STATE OF
MICHIGAN,
          Defendants-Appellees.

_____/

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 129467
COA: 230858

On order of the Court, the motion to disqualify is DENIED. The January 31, 2006 statements of the Justices concerning that motion are incorporated herein by reference. The application for leave to appeal is considered and, pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we VACATE the August 4, 2005 judgment of the Court of Appeals, 267 Mich App 583 (2005), and REMAND this case to the Court of Appeals for a reevaluation of plaintiffs' claims. In reevaluating plaintiff's claims on remand, the Court of Appeals shall not apply the standard it articulated, 267 Mich App at 595, under which the state is liable only if "the new data [plaintiffs] are now required to collect and maintain are data for which the districts have no use and would not otherwise collect and maintain but for the dictates of the CEPI." Rather, the Court of Appeals shall reevaluate plaintiffs' claims under both the "new activity or service" and the "increase in the [level] of any activity or service" prongs of Mich Const 1963, art 9, section 29's prohibition of unfunded mandates, in accordance with our conclusion in *Adair II*, 470 Mich 105, 130 (2004), that plaintiffs have alleged, "that the state is not merely requiring different data from the school districts, but also requiring the districts to actively participate in maintaining data that the state requires for its own purposes. An off-loading of state funding responsibilities onto local units of government without the provision of funds presents a colorable claim under Headlee." In evaluating plaintiffs' claims, the Court of Appeals may consider the extent to which plaintiffs possess and use the computer and other facilities and equipment required for plaintiffs to perform data collection, maintenance, and reporting required under the CEPI dictates for purposes unrelated to

those dictates, and the extent to which, as a result of the adoption of Proposal A, Const 1963, art 9, section 11, the state already furnishes the funding with which plaintiffs purchase such computer and other facilities and equipment. In performing its factfinding functions on remand, the Court of Appeals may employ the referral procedure prescribed by MCL 600.308a(5), and shall apply the provisions of MCL 21.231 et seq., and the definitions contained therein.

We do not retain jurisdiction.

WEAVER, J., not participating in the decision regarding the motion to disqualify Chief Justice Taylor and Justice Markman, concurs and states as follows:

I do not participate in the decision regarding the motion to disqualify Chief Justice Taylor and Justice Markman and, therefore, do not address whether Chief Justice Taylor and Justice Markman should recuse themselves because their spouses work for the Attorney General, who represents the state of Michigan in this matter.

I am opposed to the entry of any order in a case such as this that involves a request for the disqualification of a justice until this Court publishes proposals for public comment, places the issue in at least one public hearing for administrative matters, and resolves and makes clear for all to know the proper, orderly, fair, and specific procedures for handling motions for the disqualification of Supreme Court justices from participation in a case.

As I said in my statement responding to Chief Justice Taylor and Justice Markman's statement denying the motion for disqualification, "The time for this Court to address the procedures governing the disqualification of justices is long overdue; at stake is the public's trust and confidence in the independence of Michigan's Supreme Court." *Adair v Michigan,* 474 Mich ___ (2006).

Nevertheless, because the Court is proceeding to decide the merits of the case, I concur in the decision to vacate the August 4, 2005, judgment of the Court of Appeals, 267 Mich App 583 (2005), and remand this case to the Court of Appeals for a reevaluation of plaintiffs' claims.

KELLY, J., would remand the case to the Court of Appeals so that it may refer it to the circuit court for findings of fact in order that the Court of Appeals can rule on the merits and find damages, if any.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

March 8, 2006 _____

_Corbin R. Davis_____
Clerk

p0301